IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK13-41177 |
| ) | |
| KELLIANN M. PLATT and ) | CH. 7 |
| JOSEPH A. PLATT, ) | |
| ) | |
| Debtors. ) | |
| NEBRASKA DEPARTMENT OF LABOR, ) | ADV. NO. A13-4056 |
| Catherine D. Lang, Commissioner of Labor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSEPH A. PLATT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on a motion for summary judgment filed by Plaintiff (Fil. #12) and an objection filed by Defendant (Fil. #34). Katie S. Baltensperger represents Plaintiff and Shawn J. Farritor represents Defendant. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Defendant and his wife filed for relief under Chapter 7 of the United States Bankruptcy Code on June 17, 2013. Prior to bankruptcy filing, Defendant obtained unemployment insurance benefits pursuant to the Nebraska Employment Security Law, Neb. Rev. Stat. § 48-601, *et seq*. The Commissioner of Labor, who is the director of the Nebraska Department of Labor ("Department"), is authorized to collect overpayments of unemployment insurance in a civil action. Neb. Rev. Stat. § 48-665. The Department filed this adversary proceeding asserting that Defendant obtained an overpayment of unemployment insurance benefits in the amount of $838.00, and requested that the overpayment obligation owed to the Department be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

The Department moved for summary judgment on its claims. Specifically, on March 12, 2013, a Notice of Adjudicator's Overpayment Determination was mailed to Defendant and informed him that his willful misrepresentation of a material fact caused an overpayment of benefits in the amount of $750.00. A second Notice of Adjudicator's Overpayment Determination was mailed to Defendant on April 11, 2013, informing Defendant that his willful misrepresentation of a material fact caused an additional overpayment of benefits in the amount of $88.00. Both notices advised Defendant of his appeal rights. Specifically, "[i]f you do not agree with this determination, you have the right to appeal. Your 'Notice of Appeal' must be filed electronically or in writing and received within twenty (20) days from the date this determination was mailed."

Defendant did not appeal. Since the Defendant did not appeal, the Department asserted that the adjudicator's determination is res judicata as between the Department and Defendant, including the finding that he made a "willful misrepresentation of a material fact." As such, the Department also asserted that all of the elements of 11 U.S.C. § 523(a)(2)(A) were satisfied and the debt is nondischargeable. I agree.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)) (internal marks omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The Department's motion for summary judgment is properly documented with all supporting materials. The brief contains statements of fact with appropriate citations to the record. All of the Department's filings are in compliance with Nebraska Rule of Bankruptcy Procedure 7056-1. Accordingly, Defendant had the affirmative burden to designate specific facts for trial. While Defendant did file an "objection" to the motion for summary judgment, Defendant failed to comply with Nebraska Rule of Bankruptcy Procedure 7056-1 in most respects. He did not file a brief or any supporting materials. Further, despite nine statements in his "objection," Defendant failed to include a single citation to the record. Thus, Defendant is relying upon mere allegations and denials, and has failed to set forth specific facts showing that there is a genuine issue for trial.

The Department's motion, supporting materials, and legal argument demonstrate a prima facie case for entry of summary judgment. Defendant did not properly respond to the motion for summary judgment, has provided no evidentiary support, and has failed to provide any citations to the record in opposition to the motion.

   IT IS, THEREFORE ORDERED, that for the reasons set forth above, and as set forth in the Department's supporting materials, the motion for summary judgment is granted. Separate judgment will be entered.

   DATE: February 4, 2014.

               BY THE COURT:

               /s/ Thomas L. Saladino
               Chief Judge

Notice given by the Court to:
  *Katie S. Baltensperger
  Shawn J. Farritor
  John A. Wolf
  United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.